IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 96-20452
Summary Calendar

———————

EUGENE ALAN STEPHENS,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; GEORGE PIERSON;
DESSIE F. CHERRY; LENNY A. STEELE;
BRUCE THALER; WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL;
INSTITUTIONAL DIVISION,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CV-3435
- - - - - - - - - -
November 19, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eugene Alan Stephens, Texas inmate #397500, appeals the dismissal as frivolous of his

civil rights complaint.[1]

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Stephens does not raise an issue concerning the district court's dismissal of the excessive-force claim, pursuant to Stephens' motion for voluntary dismissal. As such, any issue

Stephens challenges the district court's dismissal by arguing that he was retaliated against by the defendants and his right to exercise freely his Islamic faith was violated by Stephens' transfer from the Goree Unit to the Ellis I Unit after he filed grievances about the lack of Muslim services at the Goree Unit. Stephens also argues that his job assignment after his transfer to Ellis I was discrimination and retaliation against him for complaining about the lack of opportunity to practice his religion. We have carefully reviewed the record and the appellate arguments. For essentially the same reasons as explained by the district court at the conclusion of the Spears[2] hearing, we conclude that the district court did not abuse its discretion in dismissing these claims as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Because Stephens does not challenge the dismissal as frivolous of the following claims, they are deemed abandoned on appeal: cruel and unusual punishment through the top-bunk cell assignment, denial of adequate medical care concerning events surrounding Stephens' foot surgery, denial of access to the courts, and denial of an emergency furlough from prison to attend mother's funeral. See Eason, 14 F.3d at 9 n.1.

For the first time on appeal, Stephens argues that he is being denied adequate medical care because he has been denied medically prescribed shoes and his shaving pass has been taken away. He also alleges, for the first time on appeal, that a physician ordered surgery on both of Stephens' feet, but surgery was performed only on one foot. To the extent that these arguments include actions occurring after the district court's dismissal of the medical-care claims, we conclude that the district court did not plainly err by failing to consider them. See Highlands Ins. v. National

---

concerning that claim or dismissal is deemed abandoned on appeal. See Eason v. Thaler, 14 F.3d 8, 9 n.1 (5th Cir. 1994).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

<u>Union Fire Ins.</u>, 27 F.3d 1027, 1031-32 (5th Cir. 1994) (applying plain-error standard in civil case to issue raised for the first time on appeal), <u>cert. denied</u>, 115 S. Ct. 903 (1995).  Similarly, we find no plain error in Stephens' contention concerning the change in the physician's order for surgery.

We have considered Stephens' remaining arguments -- the correctness of the <u>Spears</u> transcript and the purported reliance by the district court on the prison records -- and we conclude that they are without merit.

AFFIRMED.